IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Daryl Williams,<br><br>      Plaintiff,<br><br> v.<br><br>Horry County Police Department,<br><br>      Defendant. | C/A No. 4:15-cv-2329-BHH-KDW<br><br>REPORT AND RECOMMENDATION |

  This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.) for a Report and Recommendation ("Report") on the motion of Defendant, Horry County Police Department ("HCPD") to have this matter dismissed based on the failure of Plaintiff, Daryl Williams ("Williams") to prosecute this employment matter. Def.'s Mot. Dismiss for Failure to Prosecute, ECF No. 50 ("Motion"). Plaintiff has not responded to the Motion.

  Plaintiff—at the time appearing through counsel—began this litigation against his former employer in April 2015, when he filed this matter in the Horry County Court of Common Pleas. Defendant removed the matter to this court in June 2015. ECF No. 1. The court issued a scheduling order, and the parties began to conduct discovery. At the parties' request, the court extended the scheduling-order deadlines twice. ECF Nos. 24, 27. In seeking the second extension, counsel indicated additional time for discovery was needed because of "difficulty in locating the Plaintiff," *inter alia*. *See* ECF No. 25 at 1. Shortly after receiving the second extension, counsel for Plaintiff sought to be relieved as counsel on the grounds that Plaintiff had failed to communicate with counsel and failed to cooperate in the pursuit of discovery. ECF No. 28. Counsel mailed copies of the motion to withdraw to Plaintiff at the two

addresses she had for him. ECF No. 28 at 2. In a February 11, 2016 Order, the court advised Plaintiff that he had the right to object to his counsel's request for withdrawal and was to file any such objection by February 29, 2016. ECF No. 29. That deadline passed with no response from Plaintiff, and the court granted counsel's motion to be relieved. As Plaintiff was then proceeding pro se, the court advised him of the procedures applicable to him in this matter. ECF No. 37. In that order, the court advised Plaintiff that his "failure to follow orders from the court may result in a recommendation that his action be dismissed with prejudice for failure to prosecute." *Id.* at 2 (citing *Davis v. Williams*, 588 F.2d 69, 70 (4th Cir. 1978); Fed. R. Civ. P. 41(b)). That order was sent to Plaintiff by regular and certified mail at the two addresses known to the court. The certified mail sent to Plaintiff was returned as was one of the copies of the orders sent by regular mail. ECF Nos. 42, 43, 49. Plaintiff has made no effort to communicate to the court in any way since becoming pro se.

On April 4, 2016, Defendant HCPD requested the deadlines in the Second Amended Scheduling Order, ECF No. 27, be stayed until Plaintiff "[was] served and/or otherwise respond[ed] to [counsel's] Motion to be Relieved as Counsel for Plaintiff." ECF No. 45. HCPD noted the discovery deadline in the case was May 4, 2016, and that communications sent to Plaintiff were being returned as undeliverable. ECF No. 45. The undersigned declined to grant the stay HCPD sought, noted the pending discovery deadline, and advised HCPD that if Plaintiff did not "respond to the court or to defense counsel's attempts to complete discovery," the court would consider an appropriate dispositive motion. ECF No. 46.

On May 4, 2016, HCPD filed the Motion to Dismiss for Failure to Prosecute that is currently before the court. ECF No. 50. HCPD sets out much of the history of the case, noting Plaintiff's "failure to participate in discovery and his failure to timely advise the court of his

2

current address," Defendant seeks to have this matter dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *Id. See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

As Plaintiff is proceeding pro se, the court entered an order on May 4, 2016, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the importance of a motion to dismiss and of the need for him to file an adequate response. ECF No. 51. Plaintiff was informed that his response was due by June 9, 2016. Plaintiff was specifically advised that if he failed to respond adequately, Defendant's Motion may be granted, thereby ending his case. Notwithstanding the specific warning and instructions set forth in the court's *Roseboro* Order, Plaintiff has failed to respond to the Motion. As such, it appears to the court that Plaintiff does not oppose the motion and wishes to abandon his action against Defendant.

Based on the foregoing, the undersigned recommends Defendant's Motion to Dismiss, ECF No. 50, be *granted* and Plaintiff's case against Defendant be dismissed with prejudice for failure to prosecute. *See Davis*, 588 F.2d at 70; Fed. R. Civ. P. 41(b). The Clerk of Court is instructed to send this Report to Plaintiff at his last-known addresses by way of both regular and certified U.S. Mail.

IT IS SO RECOMMENDED.

June 21, 2016  
Florence, South Carolina

Kaymani D. West  
United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**